ENCARNACIÓN ABOY VDA. DE CINTRÓN y EPIFANIO FERNÁNDEZ CAMPOS, recurrentes, *v.* EL REGISTRADOR DE LA PROPIEDAD DE SAN JUAN, SECCIÓN PRIMERA, recurrido.

Núm. 973.—*Sometido:* Marzo 5, 1936. *Resuelto:* Julio 24, 1936.

*H. Torres Solá,* abogado de los recurrentes; el registrador recurrido compareció por escrito.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Por escritura pública otorgada en julio 15, 1935, doña Encarnación Aboy viuda de Cintrón vendió a don Epifanio Fernández Campos una finca urbana situada en la sección norte del barrio de Santurce de esta Capital de cinco mil quinientos veinte y ocho metros cuadrados, que a su vez había adquirido de "The Female Academy of the Sacred Heart" sujeta a la siguiente condición:

"Es condición esencial y resolutoria de que el comprador se compromete y obliga perpetuamente, por sí y por sus sucesores en la propiedad del terreno permutado y vendido, de no verificar (sic) en el mismo sino una o más casas, propia y adecuada cada una, para residencia o vivienda de una sola familia, y de ninguna manera edificará ranchones de alquiler, o edificios para tiendas o que puedan servir para establecimiento público o para otro fin cualquiera que no sea el expresado de residir o vivir una familia; y es entendido y convenido entre los contratantes que el hecho por sí solo de que el comprador o adquirente o sus sucesores en sus derechos de propiedad intenten edificar o edifiquen en los terrenos permutados y vendidos, un edificio que no sea para residencia de una familia o modifique el ya construído, para un objeto distinto, o reforme su parte interior para un fin contrario o diferente del expresamente pactado, constituirá causa bastante para que, *ipso facto,* quede, desde luego rescindido el contrato, volviendo las cosas al ser y estado que tenían antes de celebrado y recobrando la corporación permutante y vendedora, la propiedad de los terrenos permutados y vendidos sin más obligación que la de devolver el precio recibido, más una indemnización de veinte centavos, por metro cuadrado, del terreno recibido por vía de permuta, si no quisiera deshacer o rescindir ésta, lo cual queda a su libre elección; más una indemnización del valor de lo que hubiere edificado en el terreno recobrado, regulada por dos peritos nombrados uno por cada parte y un tercero elegido por ellos mismos en caso de discordia."

Poco después, en octubre 1, 1935, la Congregación de las Madres del Sagrado Corazón de Jesús en Puerto Rico su-

cesora de The Female Academy of the Sacred Heart, también por escritura pública, consintió en que la finca de que se trata quedara libre de la condición en los siguientes términos:

"La 'Congregación de las Madres del Sagrado Corazón de Jesús en Puerto Rico,' por medio de su Presidenta Reverenda Madre Rosa Bolívar, con autoridad suficiente al efecto, declara: Que consiente en que la finca descrita en el hecho primero de esta escritura, que fué adquirida por doña Encarnación Aboy viuda de Cintrón, según el título que aparece a continuación de su respectiva descripción, quede libre de las restricciones sobre construcción a que se ha hecho referencia según la cláusula transcrita en el párrafo cuarto de la parte expositiva de esta escritura, al efecto de que ella o los sucesores en título de dicho inmueble puedan construir, en la finca, edificios en la forma que les convenga, extendiéndose este consentimiento y renuncia a lo ya edificado en el mencionado terreno, dejando absolutamente sin efecto la condición resolutoria que fué impuesta, como se deja dicho, a dos de las parcelas que pasaron a formar parte de aquel inmueble a causa de su agrupación, dejando libre la misma finca de toda o cualquiera otra restricción que pudiera emanar de aquel convenio, y para que de ello se tome razón en el Registro de la Propiedad."

Presentados los documentos en el registro, causaron la siguiente nota:

"Denegada la cancelación de las condiciones resolutorias que se solicita en el precedente documento, con vista de otros, por aparecer del Registro que de las tres parcelas originarias número 110, 111 y 296 sujetas a dicha condición y de las cuales procede la finca del Señor Epifanio Fernández Campos, se han segregado diversas parcelas inscritas a favor de terceras personas sin el concurso de las cuales se pretende cancelar las referidas condiciones, . . ."

No conformes los interesados interpusieron contra la nota el presente recurso gubernativo pidiendo su revocación, y tienen razón a nuestro juicio.

La cláusula de que se trata establece una condición resolutoria para ser exigida por la primitiva vendedora cumpliendo a su vez lo que en la propia cláusula se estipuló, a saber: devolución del dinero recibido más una indemnización de veinte centavos por metro cuadrado del terreno entregá-

dole por vía de permuta si no quisiere deshacer ésta, más otra indemnización por el valor de lo edificado en el terreno recobrado.

Cuál sea el derecho que puedan tener entre sí o con respecto a la primitiva vendedora las personas que compraron otras parcelas procedentes de los terrenos vendidos bajo la indicada condición en un caso como éste—si es que alguno tuvieren—no es cuestión que incumba·dilucidar ni menos resolver al registrador, sino a los tribunales de justicia, si el conflicto surge.

*En tal virtud, debe revocarse la nota recurrida y ordenarse al registrador que inscriba el documento de que se trata sin perjuicio de los derechos que puedan tener las otras personas que compraron otras parcelas procedentes del terreno vendido bajo la indicada condición.*

El Juez Asociado Señor Córdova Dávila no intervino.